**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4812**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

LUIS ALBERTO BECERRA, a/k/a Flaco, a/k/a Luis Alberto Billeda Becerra, a/k/a Luis Avilleda Becerra, a/k/a Luis Garcia Munoz,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Dever, III, District Judge. (7:09-cr-00079-D-1)

———————

Submitted: April 29, 2011         Decided: June 2, 2011

———————

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Becerra pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of cocaine powder, and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), 846 (2006). Becerra was sentenced to 120 months in prison.

On appeal, Becerra's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether Becerra's guilty plea was knowing and voluntary. Counsel argues that Becerra's guilty plea to the count of the indictment charging him with conspiracy to possess with intent to distribute cocaine base was invalid. Counsel concedes, however, that Becerra's plea to the portion of the same count concerning cocaine powder was valid. Counsel appears to bifurcate the two substances charged in the same count into two separate and distinct charges, and claims that Becerra's plea was valid as to one but not to the other. Accordingly, counsel argues that Becerra should have been subject to a mandatory minimum of only sixty months' imprisonment for pleading guilty to conspiring to distribute cocaine powder pursuant to 21 U.S.C § 841(b)(1)(B), rather than the 120-month mandatory minimum sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A).

2

The Government filed a motion to dismiss the appeal based on the appellate waiver in the plea agreement, arguing that Becerra knowingly and voluntarily waived his right to appeal his sentence, and the issue he seeks to raise on appeal falls within the scope of the waiver. Becerra's counsel responded, acknowledging that Becerra's waiver is valid, but arguing that, because this is an Anders appeal, this appeal is outside the scope of the waiver. Becerra was informed of his right to file a pro se supplemental brief, but has not done so.

We review de novo the question of "whether a defendant has waived his right of appeal in connection with a plea proceeding." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of the plea agreement, a waiver will be enforced if the record shows the waiver is valid and the challenged issue falls within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks omitted).

Our review of the record leads us to conclude that Becerra validly waived the right to appeal his sentence, and has

thus waived review of the sentencing issue he raises and any sentencing error that may be revealed pursuant to our Anders review. Thus, we grant the Government's motion to dismiss the appeal in part as it pertains to Becerra's sentence.

The waiver provision does not, however, preclude Becerra's appeal of his conviction. Accordingly, we deny the motion to dismiss as it pertains to Becerra's conviction. Because Becerra did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Becerra] must show that an error occurred, that the error was plain, and the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Becerra makes this three-part showing, this Court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010) (internal quotation marks omitted).

Prior to accepting a guilty plea, the district court, through colloquy with the defendant in open court, must inform the defendant of, and determine that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he

4

faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court must also ascertain that the plea is voluntary. Fed. R. Crim. P. 11(b)(2). In addition, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Our review of the record leads us to conclude that the district court complied with the Rule 11 requirements, and Becerra's guilty plea was knowing and voluntary and supported by an adequate factual basis.

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no unwaived and potentially meritorious issues for review. Accordingly, while we grant the Government's motion to dismiss in part, we affirm Becerra's conviction. This court requires that counsel inform Becerra in writing of his right to petition the Supreme Court of the United States for further review. If Becerra requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Becerra.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART